UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. CR16-5535 BHS |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | |
| ANTHONY BALLENGER, | |
| Defendant. | |

This matter comes before the Court on Defendant Anthony Ballenger's motion for reconsideration. Dkts. 315, 320. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. FACTUAL & PROCEDURAL BACKGROUND**

The Court reincorporates by reference the relevant factual and procedural background found in the underlying order. *See* Dkt. 314. On June 26, 2020, the Court[1] denied Ballenger's motion for compassionate release in part because it concluded that

---

[1] This case was originally before Judge Ronald B. Leighton and was transferred to this Court following Judge Leighton's retirement from the federal bench. Dkt. 316.

ORDER - 1

1 | Ballenger had not established extraordinary and compelling reasons as controlled by
2 | USSG § 1B1.13. *Id.*

3 | On October 8, 2020, Ballenger filed a pro se motion for reconsideration and to
4 | appoint former counsel, Dkt. 315, and the Court instructed Ballenger's attorney of record
5 | to file a supplemental motion for reconsideration, if any, Dkt. 317. On December 13,
6 | 2020, Ballenger filed a supplemental motion for reconsideration, Dkt. 320, and a motion
7 | to seal, Dkt. 321. The Court ordered the Government to respond, Dkt. 323, and on
8 | January 18, 2021, the Government responded, Dkt. 325, and filed a motion to seal, Dkt.
9 | 324. On January 21, 2021, Ballenger replied. Dkt. 326.

10 | Ballenger argues that the Court may have made a mistake in denying the motion
11 | for compassionate release because it treated USSG § 1B1.13 as binding rather than
12 | discretionary, providing new legal authority to support his argument. Ballenger
13 | additionally provides new facts about whether individuals who have had COVID-19 are
14 | immune to reinfection. Since the Court's underlying motion was issued, a court-
15 | appointed expert, Dr. Michael Rowe, has issued a report on risks associated with
16 | COVID-19 infection at Federal Correctional Institute Terminal Island in San Pedro,
17 | California ("FCI Terminal Island"), where Ballenger is housed. Finally, Ballenger
18 | requests that the Court compel the Government to produce written communications in
19 | 2019 and 2020 between Dr. Seyed Hosseini and Warden Ponce regarding Ballenger's
20 | release from custody.

## II. DISCUSSION

### A. Motions to Seal

In regard to the motions to seal, Ballenger asserts that the exhibit filed in support of his motion should be kept under seal because it contains his personal medical and private information. Dkt. 321. The Government similarly argues that its response should be sealed because it contains Ballenger's personal information. Dkt. 324. The Court agrees that the information should be kept under seal and, therefore, grants the motions.

### B. Motion for Reconsideration

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

When considering a defendant-brought motion for compassionate release under the First Step Act, the Court reviews whether the defendant has extraordinary and compelling reasons to warrant release and the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). In the underlying order, the Court determined that "the policy statement referenced in § 3582(c)(1), like that referenced in 18 U.S.C. § 3582(c)(2), *see* USSG § 1B1.10, is binding on this Court and controls how this Court is to exercise [its] discretion." Dkt. 314 at 6. The Court thus concluded at the time that it was bound by USSG § 1B1.13 in determining whether Ballenger had extraordinary and compelling reasons to warrant compassionate release. Ballenger argues that this determination was manifest error. Dkt. 320 at 7. The Court agrees.

In the application of USSG § 1B1.13, the Sentencing Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country addressing whether the Commission's list is binding); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second

Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." (internal citation omitted)). The Court therefore concludes that, given the "catch-all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2. It was error for the Court to treat USSG § 1B1.13 as binding, and Ballenger's motion for reconsideration is granted.

The Court will now reconsider Ballenger's motion for compassionate release under the appropriate discretionary standard.

**C.     Motion for Compassionate Release**

On a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *see also Jones*, 980 F.3d at 1109.

Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020)

        (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease*, see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

        The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient

evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Ballenger has extraordinary and compelling reasons.

Here, Ballenger argues that his chronic medical conditions place him at an increased risk of severe illness from COVID-19 and are extraordinary and compelling circumstances. As the Court noted in the underlying order, Ballenger suffers from Crohn's disease and persistent bladder conditions, which have required a suprapubic catheter and have resulted in infections and hospitalizations. *See* Dkt. 314 at 9. Ballenger is prescribed medications to treat his Crohn's disease, and one possible side effect of his prescription is a lowered ability for the immune system to fight off infections. This side effect could create complications if Ballenger were infected with COVID-19, but it is speculative. Ballenger fails to provide any reliable evidence that his Crohn's disease renders him more vulnerable to severe illness from COVID-19. Additionally, the CDC does not recognize Crohn's disease as a medical condition that increases the risk of severe illness from COVID-19.[2]

Most importantly, Ballenger has tested positive for, recovered from, and received a vaccination for COVID-19. While Ballenger provides new facts from Dr. Rowe, the court-appointed expert, about current management and future risks associated with

---

[2] *See* Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Dec. 29, 2020).

COVID-19 at FCI Terminal Island, the fact that it is "entirely possible" for a recovered patient to become reinfected does not mean that Ballenger himself remains reasonably suspectable to reinfection. While there are documented instances of a recovered COVID-19 patient becoming reinfected in the United States, it appears that such reinfections are rare.[3] The Court understands that the scientific community's understanding of the virus is evolving, and it may be possible that new scientific evidence will emerge as to reinfection. The "entirely possible" standard cited by Dr. Rowe lacks any quantitative value and falls short of expressing an expert opinion that provides a more definitive basis for determining the likelihood of reinfection. The Court has not been provided any authoritative medical or scientific information or data which suggests that Ballenger is at a reasonable likelihood of contracting the virus again. Additionally, it is consistent with this Court's precedent to find that absent a specific showing that the defendant himself remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.). Ballenger's susceptibility to COVID-19 reinfection is also nearly eliminated by vaccination. Although it is currently unknown how long immunity produced by vaccination lasts,

---

[3] Erika Edwards & Akshay Syal, *COVID-19 reinfection reported in Nevada patient, researchers say*, NBC News (Aug. 28, 2020) https://www.nbcnews.com/health/health-news/covid-19-reinfection-reported-nevada-patient-researchers-say-n1238679; Sandi Doughton, *Seattle-area man is the third person in the U.S. confirmed to have been infected twice with coronavirus*, Seattle Times (Oct. 15, 2020) https://www.seattletimes.com/seattle-news/health/seattle-area-man-is-the-third-person-in-the-u-s-confirmed-to-have-been-infected-twice-with-coronavirus/.

based on evidence from clinic trials, the Pfizer-BioNTech vaccine Ballenger received was 95% effective at preventing COVID-19 illness.[4] The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.[5]

At this time, because Ballenger has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release. Ballenger is therefore denied compassionate release without prejudice.

**D.   Request to Compel Production**

Finally, Ballenger requests that this Court compel production for correspondence between Dr. Seyed Hosseini, the Clinical Medical Director at FCI Terminal Island, and Warden Ponce pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and Fed. R. Crim. Pro. 16. Ballenger asserts that he has wanted to supplement his motion with this correspondence because it would show that Dr. Hosseini supported his release because of his medical conditions. Dkt. 320 at 6. Ballenger's counsel asserts that he was advised by the United States Attorney's Office to submit a FOIA request for the documents to the Department of Justice and that, in response, he only received copies of Ballenger's medical records but not the correspondence requested. Dkt. 326 at 3–4. The Government

---

[4] Centers for Diesase Control and Prevention, *Information about the Pfizer-BioNTech COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated Jan. 25, 2021).

[5] Because Ballenger has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.

responds, in part, that it is aware of no legal authority that compels the production of internal BOP correspondence. Dkt. 325 at 11–12.

The Court agrees with the Government at this time. The Government has asserted that it was not provided with the type of internal correspondence Ballenger seeks, despite his assertions otherwise. Ballenger has not provided the Court any legal authority establishing a right to discovery on a motion for compassionate release or establishing that a FOIA request may be enforced against the U.S. Attorney rather than the requesting agency under which the Court could seemingly compel production of such correspondence. Ballenger's request to compel production is denied without prejudice at this time, and he may bring a separate, fully briefed motion if necessary.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ballenger's motion for reconsideration, Dkts. 315, 320, is **GRANTED in part** and **DENIED in part** and that compassionate release is **DENIED**. It is further ordered that Ballenger's motion to seal, Dkt. 321, and the Government's motion to seal, Dkt. 324, are **GRANTED**.

Dated this 29th day of January, 2021.

BENJAMIN H. SETTLE
United States District Judge